UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MAESTAS,<br><br>           Plaintiff,<br><br>      v.<br><br>TIMOTHY BELT,<br><br>           Defendant. | Case No.  1:23-cv-00418-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No.  20)<br><br>14-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is the first amended pro se civil rights complaint filed under 42 U.S.C. § 1983 by Randy Maestas—a state prisoner. (Doc. No. 20, "FAC").  Upon review, the undersigned finds the FAC fails to state any cognizable federal claim and recommends the district court dismiss this case for failure to state a claim.

**BACKGROUND AND SUMMARY OF OPERATIVE COMPLAINT**

Plaintiff initiated this action on March 21, 2023 by filing a prisoner civil rights complaint under 42 U.S.C. § 1983. On May 17, 2023, the undersigned directed the Clerk of Court to strike the Complaint because it was illegible and ordered Plaintiff to refile his Complaint. (Doc. No. 10). On June 8, 2023, Plaintiff refiled his Complaint. (Doc. No. 11). On July 14, 2023, the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

undersigned screened the Complaint and found that it failed to state any cognizable constitutional claim.  (*See* Doc. No. 16).  The undersigned afforded Plaintiff the option to either (1) file an amended complaint; (2) stand on his Complaint subject to the undersigned recommending the District Court dismiss the complaint; or (3) voluntarily dismiss the case.  (*Id*. at 6-7).  On July 26, 2023, Plaintiff timely filed an amended complaint.  (Doc. No. 18).  Plaintiff failed to sign it and the undersigned directed the Clerk of Court to strike it.  (Doc. No. 19).  Plaintiff then refiled a signed First Amended Complaint.  (Doc. No. 20, "FAC").

The FAC does not state where the events giving rise to the FAC occurred, but the Court infers they took place at California Substance Abuse Treatment Facility ("SATF"), since three of the named Defendants in the FAC are employed at SATF.  (*See id*. at 2-3).  The FAC names as Defendants (1) Timothy Belt; (2) Samantha Solorio; (3) Brittany Mendoza; and (4) Office of Appeals Department.  (*Id*.).  The following facts are presumed true at this stage of the screening process.

Although not the model of clarity, the FAC appears to allege that Defendant Belt used excessive force against Plaintiff on an unspecified date.  (*Id*. at 5).  It alleges that Defendants Solorio and Mendoza denied Plaintiff medical care and intentionally interfered with Plaintiff's legal mail.  (*Id*. at 5-6).  It alleges that the Appeals Department "defend[ed] real bad cops."  (*Id*.).  The FAC also appears to allege that Defendant Solorio sexually harassed Plaintiff after he asked for a roll of toilet paper and claims she engages in romantic encounters at work with a fellow CDCR employee.  (Id. at 6).  The FAC states that "Solorio and her boyfriend prison sgt put me in the hole."  (*Id*.).

As relief, Plaintiff seeks $10 million from each of the three individual Defendants.  (*Id*. at 7).

**APPLICABLE LAW AND ANALYSIS**

**A.  Section 1915A Screening**

Because Plaintiff commenced this action while he was incarcerated, he is subject to the Prison Litigation Reform Act ("PLRA"), that requires, *inter alia*, that the court screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. §

2

1915A before directing service upon any defendant. This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). Examples of immunity that would preclude relief during screening, include, but are not limited to, quasi-judicial immunity, sovereign immunity, or qualified immunity. Additionally, a prisoner plaintiff may not recover monetary damages absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than *de minimis*, except when involving First Amendment claims. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts for the first time to address injury requirement for monetary damages, and agreeing with the Second, Fifth, and Eleventh Circuits on PLRA's injury requirement).

At the screening stage, the court accepts the factual allegations in the complaint as true, *Hosp. Bldg. Co. v. Rex Hosp. Tr.,* 425 U.S. 738, 740 (1976), construes the complaint in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986). Nor does the court accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical

to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227. The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, it is inappropriate for the court to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**B. Rule 8**

Rule 8 of the Federal Rules of Civil Procedure states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). When the factual elements of a cause of

4

action are not organized into a short and plain statement for each particular claim, a dismissal for failure to satisfy Rule 8(a) is appropriate. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel*, 651 F.2d at 674. As noted above, in order to survive screening, the operative pleading must contain sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Here, Plaintiff's FAC fails to comply with the pleading requirements of Rule 8. It consists almost exclusively of conclusory allegations against the three named Defendants without alleging any facts. While Plaintiff is entitled to a liberal interpretation of his FAC, the Court cannot supply the essential elements of a claim that are not pled. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). For example, the FAC simply states "Belt – unnecessary excessive force – video" but does not allege any facts to support the claim that Defendant Belt used excessive force. (*Id*. at 5). Similarly, the FAC alleges Defendants Solorio and Mendoza engaged in mail tampering but does not allege any facts to support this claim. (*See id*.). The FAC alleges that the Appeals Department "defend[s] bad cops" but does not allege any facts articulating how the Appeals Department violated Plaintiff's constitutional rights. (*Id*. at 5). There are no facts substantiating Plaintiff's conclusory claim that Defendants Solorio and Mendoza denied him medical care. (*Id*. at 6).

In addition to lacking essential factual allegations, the FAC fails to comply with Rule 8 because it does not allege when any of the Defendants' alleged acts of wrongdoing took place. *See Valenzuela v. Monson*, 2020 WL 1812043, at *2 (D. Ariz. Apr. 8, 2020); *Fisher v. Washington State Department of Corrections*, 2019 WL 1745086, at *1 (W.D. Wash. Apr. 18, 2019) (the complaint violated Rule 8 because, among other reasons, it did not provide a specific date and therefore it did not "provide the defendants fair notice of what the claim is . . ."); *Walker v. Muniz*, 2019 WL 2359229, at *4 (N.D. Cal. Jun. 4, 2019) (referencing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) when explaining the specific date must be alleged to meet the requirement of giving defendants fair notice); *McIntosh v. City of L.A.*, 2005 U.S. Dist. LEXIS

53641, at *5 (C.D. Cal. Jul. 21, 2005) (citing *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996)).

**C. Related Claims and Joinder**

The Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff alleges claims based on seemingly unrelated incidents involving different individuals—excessive use of force by Defendant Belt, interference with legal mail and denial of medical care by Defendant Mendoza and Solorio, sexual harassment by Defendant Solorio, and denial of an unspecified appeal by the Appeals Department. (*See generally* Doc. No. 20). There are no facts alleged demonstrating that these incidents arise out of the same transaction, occurrence, or series of transactions or occurrences. Accordingly, the attempted claims are misjoined and may not proceed in the same action. Moreover, as set forth in this Order, none of

the causes of actions states a cognizable federal claim.

**D.  Sexual Harassment**

The only cause of action for which the FAC pleads facts with some specificity is his construed claim of sexual harassment against Defendant Solorio.  Like the other claims, however, the FAC lacks any dates regarding the offending conduct and thus this claim fails to comply with Rule 8.  Moreover, as set forth below, the claim does not set forth conduct that rises to the level of a constitutional violation.

Sexual harassment by a prison guard can constitute an Eighth Amendment violation.  In *Berry v. Oswalt*, a female prisoner alleged that a male guard "had attempted to perform nonroutine patdowns on her, had propositioned her for sex, had intruded upon her while she was not fully dressed, and had subjected her to sexual comments."  143 F.3d 1127, 1131 (8th Cir. 1998).  A jury found for the prisoner and the guard challenged the verdict on appeal arguing that the prisoner could not establish the objective element necessary for an Eighth Amendment violation.  *Id.*  The Eighth Circuit upheld the verdict, stating that it was "within the jury's discretion to find that [the guard's] alleged harassing behavior was 'harmful enough,' to be a violation of the Eighth Amendment."  *Id*. at 1133.

In *Watson v. Jones*, two male inmates alleged that a female correctional officer routinely "fondled them during pat-down searches" in a two-month period.  980 F.2d 1165, 1165 (8th Cir. 1992).  The Eighth Circuit reversed the district court's grant of summary judgment to the correctional officer and concluded that the allegations could state a constitutional claim.  *Id*.

In *Calhoun v. DeTella*, prison guards "purposefully demeaned and sexually harassed [the plaintiff-prisoner] while strip searching him in front of female officers."  319 F.3d 936, 939 (7th Cir.2003).  The district court dismissed the complaint for failure to state a claim but the Eighth Circuit reversed concluding that the strip search was conducted "in a manner designed to demean and humiliate" the inmate and, thus, sufficiently stated an Eighth Amendment claim. Id. at 940.

These decisions and others comport with the view that, at its core, the Eighth Amendment protects "the basic concept of human dignity" and forbids conduct that is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*,

428 U.S. 153, 182–83 (1976).

Here, the FAC alleges that Defendant Solorio harassed Plaintiff by refusing his request for a roll of toilet paper; by flirting with him in unspecified ways, and by allegedly carrying on an affair with another correctional officer in the prison. (Doc. No. 20 at 6). Unlike the plaintiffs in the cases cited above, the FAC does not allege Defendant Solorio touched Plaintiff improperly, subjected him to repeated, unwanted sexual advances, or subjected him to other degrading conduct. Accordingly, the FAC fails to state an Eighth Amendment sexual harassment claim against Defendant Solorio.

**CONCLUSION**

For the reasons set forth above, the undersigned finds that Plaintiff's FAC fails to state any cognizable federal claim against any Defendant. The undersigned finds further leave to amend this claim is not warranted because Plaintiff was previously advised of the pleading requirements of Rule 8 and Plaintiff nevertheless fails to allege any plausible claim. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal"). Rather than addressing the deficiencies in his original Complaint, Plaintiff now alleges several additional, unrelated claims supported only by conclusory assertions. The undersigned therefore concludes that further amendment would be futile and therefore recommends Plaintiff's case be dismissed for failure to state a claim.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

Plaintiff's First Amended Complaint (Doc. No. 20) be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915A(b)(1).

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 31, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE